In re APEX OIL COMPANY, et al., Debtors.

CLARK OIL & REFINING CORPORATION, Plaintiff,

v.

CHICAP PIPE LINE COMPANY, et al., Defendants.

CLARK OIL & REFINING CORPORATION, Plaintiff,

v.

SOUTHCAP PIPELINE COMPANY, et al., Defendants.

Bankruptcy Nos. 87–03805–BSS, 87–03804–BSS.

Adv. Nos. 88–0084–BSS, 88–0130–BSS.

United States Bankruptcy Court, E.D. Missouri, E.D.

July 25, 1988.

---

969

Jerome I. Kaskowitz, Blumenfeld, Sandweiss, Marx, Tureen Ponfil & Kaskowitz, P.C., St. Louis, Mo., for Chicap.

Joshua Mintz, Sidley & Austin, Chicago, Ill., for Southcap Pipeline Co. and Chicap Pipe Line Co.

Arnold M. Quittner, Robert Jay Moore, Paul S. Aronzon, Gendel, Raskoff, Shaprio & Quittner, Los Angeles, Cal., Dennis A. Ferrazzano, Barack, Ferrazzano and Kirschbaum, Chicago, Ill., for debtors.

Gregory D. Willard, Laurence M. Frazen, Bryan, Cave, McPheeters and McRoberts, St. Louis, Mo., Stephen J. Blauner, David C.L. Frauman, Milbank, Tweed, Hadley and McCloy, New York City, for the Lender Group.

Lloyd A. Palans, Gallop, Johnson and Neuman, St. Louis, Mo., Examiner.

Steven N. Cousins, Armstrong, Teasdale, Kramer, Vaughan & Schlafly, St. Louis, Mo., for Unsecured Creditors Committee.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

BARRY S. SCHERMER, Bankruptcy Judge.

### INTRODUCTION

This matter is before the Court on a Motion To Dismiss (hereinafter the "Motion") filed by certain Defendants in two consolidated adversary proceedings. The Motion is based upon Bankruptcy Rule 7012 and Rules 12(b)(1) and (h) F.R.Civ.P. for lack of jurisdiction over the subject matter.

### FACTS

On December 24, 1987, Clark Oil & Refining Corporation (hereinafter "Clark") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On April 8, 1988, Clark commenced Adversary Proceeding No. 88–0084 seeking an order restraining and enjoining certain Defendants (hereinafter the "Chicap Defendants")[1] from accelerating 6¾% promissory notes issued by Chicap Pipeline Company (hereinafter "Chicap") and restraining and enjoining Chicap from paying the Chicap Defendants any accelerated sums demanded under the notes.

Chicap is in the business of transporting oil as a common carrier through its pipeline from Patoka, Illinois to Mokena, Illinois and the Chicago, Illinois area refineries that connect to the system. The three

[1]. The Chicap Defendants are Maccabees Mutual Life Insurance Company, Maccabees Life and Annuity Company, Virginia Supplemental Retirement System, Public School Teachers Pension and Retirement Fund of Chicago and Transamerica Life Insurance and Annuity Company. While Chicap is named as a party defendant its interests are clearly aligned with that of the Plaintiff.

shareholders of Chicap and their percentage ownership are:

| Owner | Percentage Ownership |
| --- | --- |
| Union Oil Company of California | 48.07% |
| Amoco Pipe Line Company | 29.17% |
| Clark Oil & Refining Corporation | 22.76% |

On May 19, 1988, Clark commenced Adversary Proceeding No. 88–0130 seeking an order restraining and enjoining certain Defendants (hereinafter the "Southcap Defendants")[2] from accelerating 6⅜% promissory notes issued by Southcap Pipeline Company (hereinafter "Southcap") and restraining and enjoining Southcap from paying the Southcap Defendants any accelerated sums demanded under the notes.

Southcap is in the business of transporting oil as a common carrier through its pipeline from St. James, Louisiana to Patoka, Illinois. The two shareholders of Southcap and their percentage ownership are:

| Owner | Percentage Ownership |
| --- | --- |
| Union Oil Company of California | 63.951% |
| Clark Oil & Refining Corporation | 36.049% |

On April 11, 1988 and May 20, 1988, this Court entered Orders temporarily restraining the Chicap and Southcap Defendants from accelerating their notes and further restraining Chicap and Southcap from paying any accelerated sums demanded under the notes. On April 26, 1988 and June 9, 1988, this Court with the consent of all parties, entered preliminary injunctions enjoining the acceleration and payment of the notes. On June 10, 1988, this Court entered an Order consolidating the two Adversary Proceedings and scheduled a joint trial of the matters with respect to the issuance of a permanent injunction.

The financing of the construction of both the Chicap and Southcap pipelines involve substantially similar agreements. Both Chicap and Southcap executed and delivered to noteholders promissory notes in the original principal amount of $27,000,000.00. Both the Chicap notes and the Southcap notes are secured by Throughput Agreements under which the shareholders of Chicap and Southcap are obligated to ship

sufficient crude oil to enable Chicap and Southcap to meet their obligations to the noteholders or make cash advances so that the notes are paid.

Since the notes were executed, Chicap and Southcap have made all principal and interest payments due their respective noteholders. The outstanding principal balance of the Chicap notes is $8,760,000.00 and the outstanding principal balance of the Southcap notes is $6,169,000.00. Since 1974, Chicap has paid annual dividends to its shareholders. Since 1971, Southcap has paid dividends to its shareholders. Under the respective note agreements, the filing of a petition for relief under the Bankruptcy Code by a shareholder of either Chicap or Southcap constitutes an event of default, which permits acceleration of the promissory notes, provided noteholders holding 25% or more of the outstanding indebtedness elect to so accelerate. Both Chicap and Southcap have received notices of acceleration from noteholders holding 25% or more of the outstanding indebtedness. The Chicap Defendants and Southcap Defendants are the noteholders who have elected to accelerate based solely upon Clark's voluntary filing of its Chapter 11 petition. Both Adversary Complaints allege jurisdiction under 28 U.S.C. § 1334.

In its Complaints, Clark alleges that if the Defendants are allowed to accelerate and if Chicap and Southcap are not enjoined from paying the accelerated sums; that one of the following consequences would arise:

1) Chicap and Southcap may seek replacement financing which they allege would be at rates higher than the 6⅝% and 6¾% rates currently payable;

2) Chicap and Southcap may reduce or eliminate dividends to shareholders due to its increased cost of financing;

3) Chicap and Southcap may call upon Clark to increase its minimum pipeline

---

**2.** The Southcap Defendants are Transamerica Life Insurance and Annuity Company, IDS Life Insurance Company, Sher & Co., Virginia Supplemental Retirement System, and Kane & Co.

While Southcap is named as party defendant its interests are clearly aligned with that of the Plaintiff.

usage under the Throughput Agreement; or

4) Due to their inter-shareholder Agreements, Chicap and Southcap may call upon its shareholders to pay ratably increased expenses and, if unable to do so, Clark would have its equity interests reduced proportionately.

Such consequences remain to be proved as part of the Plaintiff's case in chief.

## DISCUSSION

The issue in the Motion is whether this Court has subject matter jurisdiction in the two pending Adversary matters. Resolution of the issue depends upon the interpretation of this Court's grant of jurisdiction under 28 U.S.C. § 1334(b) which states:

Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or court's other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings *arising under* title 11 or *arising in* or *related to* cases under title 11. (emphasis added)

Section 1334(b) which grants the District Court original jurisdiction of cases arising under the Bankruptcy Reform Act, was copied verbatim from § 1471(b) of the 1978 Act. The legislative history of § 1471(b) concerning "arising under" is therefore instructive. *National City Bank v. Coopers and Lybrand*, 802 F.2d 990, 993 (8th Cir. 1986). The phrase "arising under" has a well defined and broad meaning in the jurisdictional context. By a grant of jurisdiction over all proceedings arising under Title 11, the bankruptcy courts are able to hear any matter in which a claim is made under a provision of Title 11. See *National City Bank* at p. 994 (cited authority omitted).

■ In support of its belief that this Court has jurisdiction based upon the "arising under" and "arising in" provision of § 1334(b), Clark states that its claims are based upon § 105 (injunctive relief), § 362 (alleging a violation of the automatic stay by the noteholders) and § 365 (alleging that the "ipso facto" provisions of the notes are unenforceable). Although Clark is a Chapter 11 debtor it is but a nominal Plaintiff bringing this action on behalf of Chicap and Southcap the parties directly and primarily affected by the noteholder's demand for acceleration. The Court rejects Clark's theory that these Adversary Proceedings "arise under" or "arise in" cases under Title 11. The shareholders of Chicap and Southcap other than Clark could not have filed these law suits on behalf of Chicap and Southcap using the Clark Chapter 11 to "boot strap" jurisdiction. Such an effort would have failed. Similarly Chicap and Southcap could not base jurisdiction on the "arising under" or "arising in" language of section 1334(b).

The jurisdiction of the Bankruptcy Court to hear cases related to bankruptcy is based upon a nexus between the "related" proceeding and the Title 11 case. *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984). The Third Circuit has held:

The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.* Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.

*Pacor, Inc.*, at p. 994 (cited cases omitted).

Three cases in the Eighth Circuit have adopted the definition of "related to" jurisdiction cited above. See *National City Bank* (supra), *In re Dogpatch U.S.A., Inc.* 810 F.2d 782 (8th Cir.1987) and *In re Titan Energy, Inc.*, 837 F.2d 325 (8th Cir.1988). Both *National City Bank* and *Pacor* were indemnification cases. The *Pacor* Court held that any outcome of the *Higgins v. Pacor* litigation would in no way bind the debtor, Johns–Manville Corp. Specifically, the Court held that Manville would be able to relitigate any issue or adopt any position, in response to a subsequent claim by Pacor in the event Higgins prevailed in its

litigation against Pacor. Similarly, in the *National City Bank* case, the Eighth Circuit held that Coopers and Lybrand could not affect the bankruptcy estate of Wickes or its subsidiaries. The Bankruptcy Court had previously confirmed the reorganization plans of Wickes and its subsidiaries and the obligations of those debtors had been discharged. *National City Bank v. Coopers and Lybrands*, No. 4–85–715, slip op. at p. 11 (D.Minn.Nov. 1, 1985) [available on WESTLAW, 1985 WL 6424].

In each of the other two Eighth Circuit cases, *Dogpatch U.S.A.* and *Titan Energy, Inc.*, the Eighth Circuit found "related to" jurisdiction. In *Dogpatch*, the Court held that if a separate legal entity (Dogpatch Properties, Inc.) could not pay a certain obligation, money would come out of the debtor's estate and unsecured creditors would get nothing. *Dogpatch U.S.A.*, *supra* at p. 786. In *Titan Energy, Inc.*, the Court held that "yet, even a proceeding which portends a mere contingent or tangential effect on a debtor's estate meets the broad jurisdictional test articulated in *Pacor*."

In the case *sub judice* Clark's interest in Chicap and Southcap is property of its Chapter 11 estate under section 541. A call by the noteholders of Chicap and Southcap will inevitability result in financial consequences to those entities and, accordingly, to their shareholders. Such consequences would alter Clark's rights, liabilities, options or freedom of action and meet the "any conceivable impact" test (stated in *Pacor, Inc.* and adopted in three cases by this Circuit). The Court distinguishes the indemnification cases wherein no jurisdiction was found because the cases were at most precursors to potential indemnification actions. In this case, a prior determination of irreparable injury to Clark was made when this Court issued temporary restraining orders. The pending Adversary Proceedings are not a prelude to a subsequent action against Clark. Likewise, they are not so remote so as to pose only a contingent impact upon Clark. Rather, if proved, the noteholders action will have a direct and immediate financial impact. Accordingly, this Court concludes that there is "related to" jurisdiction.

This Court's ruling does not imply that the Court has jurisdiction to hear all matters brought by a Chapter 11 debtor on behalf of a separate legal entity (whether a subsidiary, joint venture, or other affiliate) where the debtor is a substantial shareholder of that other entity. Such determinations will be made on a case by case basis upon careful review of the facts.

For the reasons set forth above, it is

ORDERED that the Motion To Dismiss filed by the Chicap Defendants and Southcap Defendants is DENIED.